(118 App. Div. 904)

PAFF v. STANDARD GASLIGHT CO.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

INJUNCTION—TEMPORARY INJUNCTION—CONTINUANCE.

In a suit against a gas company to restrain it from cutting off plaintiff's supply of gas, the complaint alleged that plaintiff had been for a considerable time a customer of defendants at certain described premises, that defendant rendered a bill for gas at the rate of $1 per 1,000 cubic feet, and that plaintiff tendered payment at the rate of 80 cents per 1,000 cubic feet, which defendant refused to accept, threatening to cut off the supply of gas unless plaintiff paid at the rate of $1 per 1,000. *Held*, that where plaintiff submitted no affidavit with his motion for a temporary injunction, depending merely on the allegations of the complaint, and where the proof showed that plaintiff was never a customer of defendant, that he had never made any application to be supplied with gas, and that defendant had never threatened to cut off any gas, a temporary injunction should not be continued.

Appeal from Special Term.

Action by Martha Paff against the Standard Gaslight Company to restrain defendant from cutting off plaintiff's supply of gas. From an order granting a temporary injunction, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

John A. Garver, for appellant.
Clarence J. Shearn, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff resides at No. 287 Willis avenue, borough of the Bronx, and has been for a considerable period of time a customer of the defendant and user of gas in said premises; that the defendant rendered plaintiff a bill for gas consumed between September 17 and October 8, 1906, amounting to 1,300 cubic feet, at the rate of $1 per 1,000; that the plaintiff tendered defendant payment for 1,300 cubic feet of gas at the rate of 80 cents per 1,000, which defendant has refused to accept, and has threatened to cut off the supply of gas unless the plaintiff pays the bill at the rate of $1 per 1,000 cubic feet.

In opposition to the motion to continue this injunction it appeared without contradiction that the plaintiff never was a customer of the defendant, had made no application to be supplied with gas, and that defendant had made no threat to remove the meter from plaintiff's premises; that one Leonard Paff had applied to the defendant to be supplied with gas, and deposited $5 as security for gas supplied. There was no affidavit of the plaintiff submitted with the motion, the plaintiff depending upon the allegations of the complaint. As the proof before the trial court showed that the plaintiff was never a customer of the defendant, that she had never made any application to be supplied with gas, and that defendant had never supplied her with gas,

and never threatened to cut off any gas, it was improper to continue the injunction.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the application for an injunction denied, with $10 costs.  All concur.